Willard C. GOSHORN, Appellant,

v.

Samuel C. HATTMAN et ux., Appellees.

No. 6719.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 14, 1965.

Rehearing Denied March 3, 1965.

Stephenson, Stephenson & Thompson, Orange, for appellant.

Keith, Mehaffy & Weber, Beaumont, for appellees.

PARKER, Justice.

Willard C. Goshorn sued Samuel C. Hattman and wife, Johnnie H. Hattman, for damages due to personal injuries sustained by Mrs. Goshorn in a collision between two automobiles, one driven by Mrs. Goshorn and the other driven by Mrs. Hattman. In a trial to a jury both drivers were found to be guilty of acts of negligence, each proximately causing the collision. Judgment was entered upon the jury verdict that Goshorn recover nothing as against the Hattmans.

The collision occurred at an uncontrolled intersection of Rein Street and Eleventh Street in Orange, Texas. Rein Street runs east and west, Eleventh Street runs north and south. Mrs. Hattman was travelling south on Eleventh Street, while Mrs. Goshorn was proceeding east on Rein, so that before the collision the cars would have been approaching at right angles to each other with Mrs. Goshorn on the right hand side of Mrs. Hattman as they approached the intersection. The two cars arrived at the intersection at the same time. Mrs. Hattman's car hit Mrs. Goshorn's car —the front of the Hattman car striking Mrs. Goshorn's left front door at a diagonal angle, but not a sideswipe. Mrs. Hattman saw Mrs. Goshorn as the latter was making her turn to the right into the intersection. Mrs. Hattman immediately applied her brakes. The jury found that Mrs. Goshorn failed to keep a proper lookout which was a proximate cause of the collision in question. Further, the jury found that Mrs. Goshorn failed to have her automobile under proper control, which was a proximate cause of the collision.

Mrs. Goshorn testified: She never saw Mrs. Hattman at any time before the collision; that she looked to her right but did not know whether she looked to her left or not, admitting that after she arrived at the intersection nothing obstructed her view to the left which was the direction from which Mrs. Hattman's automobile was approaching the intersection; Eleventh Street was a wide street, it was upon Eleventh Street that the collision occurred; that she was headed east and, quoting exactly from her testimony:

"—a lots of people pull up and they don't see a car coming, they ease around. If there was any traffic coming from the other direction, I might have been more particular, but there wasn't any traffic coming from the right. It was a two-way street and there's plenty of room to pass.

"Q. Well, so you were turning to your right—so if she were coming

from your left, you were turning right in front of her then? Is that not true?

"A. Not necessarily. I was just turning right. I wasn't turning right in front of anybody. I was just turning right on the street—easing around the corner about four or five miles an hour."

Appellant urges there is no evidence to justify the submission of an issue to the jury as to whether or not Mrs. Goshorn failed to keep a proper lookout. Appellant also contends there was no evidence to support a jury finding that Mrs. Goshorn failed to keep a proper lookout. Such points of error are overruled.

■ Considering all the evidence, such finding of the jury that Mrs. Goshorn failed to keep a proper lookout is not so contrary to the great weight and preponderance of the evidence as to be manifestly wrong and unjust. Appellant's points of error contending (a) that there was insufficient evidence to support a jury finding that Mrs. Goshorn failed to keep a proper lookout, and (b) that such finding was against the greater weight and preponderance of credible evidence are overruled.

■ A special issue was submitted to the jury as to whether or not Mrs. Goshorn had her automobile under proper control, the jury answer being that she did not have her automobile under proper control. In its points of error appellant contends (a) that there was no evidence to support the submission of a special issue as to whether or not Mrs. Goshorn had her automobile under proper control; (b) there was no evidence to support a jury finding that Mrs. Goshorn failed to have proper control; (c) the issue should not have been submitted because Mrs. Goshorn had no duty of proper control toward Mrs. Hattman; and (d) that the submission of such issue was a comment on the weight of the evidence. Appellant did not timely object to the form of the special issue on proper control on the part of Mrs. Goshorn.

Such contention was urged for the first time in appellant's motion for new trial. Under Rule 272, Texas Rules of Civil Procedure, appellant waived any objections to the form of the issue on proper control. Even though Mrs. Hattman was under the statutory duty to yield the right-of-way, when she failed to do so the exercise of ordinary care may have required Mrs. Goshorn as the operator of the other vehicle to apply her brakes, which she did not do, or take other evasive action as to speed and direction of the automobile she had the duty of controlling. The question of proper control is tied into the question of proper lookout. Mrs. Goshorn failed to keep a proper lookout which resulted in her failure to attempt in any manner to properly control her car. To use Mrs. Goshorn's language, she "might have been more particular, but there wasn't any traffic coming from the right." She did not concern herself with traffic to her left. There is no merit in appellant's "no evidence" points of error relating to proper control of the car. See McWilliams v. Muse, 157 Tex. 109, 300 S.W.2d 643 (1957). Be that as it may, since the jury found Mrs. Goshorn failed to keep a proper lookout on the occasion in question, which was a proximate cause of the collision, thereby barring appellant's recovery in this suit, the submission of an issue as to whether or not Mrs. Goshorn had proper control of her car was not calculated to cause and probably did not cause the rendition of an improper judgment as required by Rule 434, T.R.C.P. Appellant's points of error relating to the issue on whether Mrs. Goshorn had her automobile under proper control are overruled.

■ The jury found that Mrs. Goshorn would not necessarily incur in the future any doctor bills, hospital bills or medicines as the result of her injuries. There is some evidence from Dr. Williams to the effect that she would probably need to consult a doctor about once a month and buy medicine, with a total future expense of not

over $9.00 a month; however, the same doctor testified he had not treated her for her injuries for many months but had treated her for other complaints. Mrs. Goshorn admitted that Dr. Williams had not treated her for injuries since she had started seeing him. The treatment she received from him was for other things than her injuries. Appellant's point of error complaining of the finding of the jury that Mrs. Goshorn would have no future expense of doctor bills, medicines, etc., as proof that the answer of the jury indicated a clear bias and prejudice toward the appellant is overruled. Further, appellant's points of error urging that the jury finding of improper control, improper lookout and that there would be no future medical damages evidence a clear bias and prejudice against the appellant are without merit and are overruled.

■ Appellant urges that Officer C. D. Watson should have been allowed to testify about "facts observed or conclusions drawn as a result of his investigation." In appellant's motion for new trial, the only points complained of by the plaintiff below in his motion for new trial pertaining to the testimony of Officer Watson were (1) the trial court would not permit him to testify as to what the law was on right-of-way at an uncontrolled intersection, and (2) the trial court refused to permit Officer Watson to testify as to who entered the intersection first. Upon proper objection, the court excluded such evidence. Watson was not an actual witness to the accident but did investigate it. He was allowed to testify as to what he saw when he arrived at the scene of the accident, that is to say, the location of the cars, etc. Further, there is nothing in the record to indicate what Watson would have said had he been permitted to answer the questions. Officer Watson was permitted to testify as to the location of the two cars and other things he could see when he arrived upon the scene of the accident. The right-of-way issues were answered favorably to Mrs. Goshorn, so any testimony of Officer Watson that was excluded as to who had the right-of-way was harmless. The jury found that Mrs. Goshorn did not maintain a proper lookout and did not maintain proper control of her car, thereby barring recovery by appellant. If there was any error in the trial court's ruling on the testimony of Officer Watson, the claimed errors were harmless and would not amount to such a denial of the rights of appellant to reasonably cause and probably did cause an improper judgment in the case. Rule 434, T.R.C.P. Appellant's point of error with reference to the exclusion of Officer Watson's testimony is overruled.

■ Dr. Halbert and Dr. Williams were partners and treated Mrs. Goshorn. Immediately after the accident, Dr. Halbert treated Mrs. Goshorn for her injuries most of the time, although Dr. Williams saw her occasionally. Dr. Halbert went into the service and was not available upon the trial. After he went into the service, Dr. Williams treated Mrs. Goshorn. Dr. Howard Williams was a witness for appellant. His direct testimony was based partly upon the records "in the name" of Dr. Halbert up to a certain point. The same charts were used by Dr. Halbert and by Dr. Williams. Appellant objected to Dr. Williams testifying on cross-examination as to the notes and records that Dr. Halbert entered during the course of his treatment of the injuries incurred by Mrs. Goshorn in this collision. These records of Dr. Halbert were admissible under Art. 3737e, Vernon's Ann.Civ.St., as such statute has been construed in Travis Life Ins. Co. v. Rodriguez, (Tex.Civ.App.1959) 326 S.W.2d 256, approved by Supreme Court of Texas in a Per Curiam opinion, 160 Tex. 182, 328 S.W.2d 434 (1959). The records in the name of Dr. Halbert as to which Dr. Williams was allowed to testify were favorable to appellant's proof of substantial injury to his wife. Upon the objection of counsel for appellant, the trial court properly excluded a report in the form of a letter from Dr. Halbert to said counsel, Mr.

·Stephenson. Dr. Williams was not allowed to comment on the contents of such letter. The jury found the appellant's wife guilty of contributory negligence in failing to keep a proper lookout which barred appellant's recovery. The questioning of Dr. Williams in no manner involved the question of proper lookout. Such questioning of Dr. Williams by appellees' counsel, if erroneous, was not calculated to cause and probably did not cause the rendition of an improper judgment as required by Rule 434, T.R.C.P. Appellant's points of error directed at the questioning of Dr. Howard Williams as to Dr. Halbert's office records by appellees' attorney are without merit and are overruled.

Judgment of the trial court is affirmed.