**S. D. ENLOE et al., Appellants,**

v.

**Mrs. Audrey BARFIELD et vir, Appellees.**

**No. 6906.**

Court of Civil Appeals of Texas.

Beaumont.

May 18, 1967.

Rehearing Denied June 7, 1967.

---

Benckenstein & Norvell, Beaumont, for appellants.

Alvis S. Ellisor, Cleveland, J. C. Zbranek, Liberty, for appellees.

STEPHENSON, Justice.

This is an action for damages arising out of an automobile collision. Trial was by jury and judgment was rendered for plaintiff against defendant Gerald Enloe, disregarding the answers of the jury to two of the special issues. The parties will be referred to here as they were in the trial court.

Plaintiffs sued two defendants, S. D. Enloe and Gerald Enloe. It is alleged that

Gerald Enloe was driving the automobile which collided with the automobile driven by plaintiff Audrey Barfield, and that plaintiffs were damaged by reason of negligence on the part of Gerald Enloe which proximately caused such damages. Plaintiffs also alleged that Gerald Enloe was a minor and that a guardian ad litem should be appointed to represent him. The judgment of the trial court is that plaintiffs recover nothing as to defendant S. D. Enloe.

Defendant has a point of error that no guardian ad litem was appointed by the court to represent the minor defendant, Gerald Enloe. The evidence shows that Gerald Enloe was 18 years old at the time this case was tried. The record before us does not indicate that a guardian ad litem was appointed and it is not shown that Gerald Enloe had a guardian.

Rule 173, Texas Rules of Civil Procedure, provides that a court shall appoint a guardian ad litem for a minor defendant having no guardian. The courts of this state have held that the word "shall" is mandatory. Jaynes v. Lee, Tex.Civ.App., 306 S.W.2d 182. It has uniformly been held that it is error to grant a judgment against a minor defendant under these circumstances, with one exception. This case, Vaughan v. Renshaw, Tex.Civ.App., 411 S.W.2d 57, has been cited by plaintiffs, as holding that no harm has been shown, and also that this matter must have been raised in the trial court by verified pleadings. The Supreme Court of Texas granted a writ of error in this case May 3, 1967. We hold the trial court was in error in not appointing a guardian ad litem to represent Gerald Enloe. For this reason, this case must be reversed.

We next consider defendant's points of error in reference to the action of the trial court in disregarding two of the issues found by the jury. The jury found that defendant failed to keep a proper lookout, failed to make timely application of the brakes, operated his automobile at an excessive rate of speed and that each was a proximate cause of the collision. The jury also found that plaintiff kept a proper lookout, was not making a u-turn, did not suddenly stop and did not fail to signal. The two issues made the basis of these points of error are the findings that plaintiff was negligent in stopping where she did and that such negligence was a proximate cause of the collision.

The evidence shows that both plaintiff and defendant were traveling in a northerly direction on Highway 59 in the city limits of Cleveland, Texas. This highway has six lanes divided by an esplanade, and both plaintiff and defendant were driving in the inside lane, with plaintiff in front. As plaintiff came to the intersection with Taylor Street she brought her car to a stop. Taylor Street intersects from the east, but does not continue to the west. There is a break in the esplanade at this intersection, but no turning lane. As plaintiff brought her car to a stop she turned to the left to bring a portion of the car into the opening of the esplanade, but such opening was not wide enough and part of her automobile remained extending into the lane in which she had been traveling. Plaintiff intended to make a left turn, which would have resulted in a u-turn and stopped her car to allow automobiles traveling in a southerly direction on Highway 59 to pass the intersection. Defendant's automobile collided with the rear end of plaintiff's automobile. This collision occurred at night. There is no evidence that this intersection was controlled by signal lights or signs of any kind. There was a turning lane at the next intersection toward which the automobiles were traveling, and at other points on Highway 59.

Plaintiff testified that a block south of the intersection at which the collision occurred she put on the indicator light flashing a left turn, looked behind her and saw some lights over a block away in the same lane. She testified she had been stopped 10 or 15 seconds before her car was struck. Defendant testified: That he saw the car in

front of him slowing down, so he slowed down. That he did not see a turn signal. That he was about a car's length behind plaintiff when she stopped. That he intended to pass on the right but a car was in that lane coming up behind him.

 The jury having found no negligence on the part of plaintiff in the manner in which she brought her car to a stop and as to the lookout she kept, and these findings not having been challenged, we find no violation of a duty to defendant, on plaintiff's part, not to bring her car to a stop at the place she did. Further, we find no evidence to support the finding of the jury that plaintiff's stopping where she did was a proximate cause of the collision. The trial court properly disregarded these answers of the jury. In arriving at this conclusion we considered only the evidence favorable to the party against whom the trial court ruling was made. Kuykendall v. Doose, Tex.Civ.App., 260 S.W.2d 435; Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560.

Reversed and remanded.