**S. D. ENLOE et al.**

v.

**Mrs. Audry BARFIELD et vir.**

**No. B–386.**

Supreme Court of Texas.

Dec. 27, 1967.

Rehearing Denied Jan. 31, 1968.

Benckenstein & Norvell, Lipscomb Norvell, Jr., Beaumont, for petitioners.

Zbranek & Friend, J. C. Zbranek, Liberty, Alvis S. Ellisor, Cleveland, for respondents.

CALVERT, Chief Justice.

In this suit for damages for personal injuries to Mrs. Barfield growing out of an automobile collision, the trial court disregarded answers of the jury to certain special issues and rendered judgment awarding plaintiffs, Mr. and Mrs. Barfield, a recovery of damages from the defendant, Gerald Enloe, a minor. The court of civil appeals reversed the judgment of the trial court because of the failure of the trial court to appoint a guardian ad litem for the minor defendant, and remanded the cause to the trial court for a new trial. 415 S.W.2d 721. The plaintiffs do not complain of the court of civil appeals' judgment, but the defendant does. We reverse the judgments of both courts and here render judgment that the plaintiffs take nothing.

The collision occurred on Highway 59 in the city of Cleveland. At the place of collision, Highway 59 has six traffic lanes, divided by an esplanade, three for northbound and three for southbound traffic. At various points where the highway is intersected by through streets, there are turning lanes cut into the esplanade for use by motorists who wish to make left or U turns. The clear inference from the evidence is that when the turning lanes are properly used, the operator's vehicle can be stopped before making a turn into

the intersecting street, or before attempting a U turn, without protrusion of any part of the vehicle into the regular traffic lanes. The evidence reflects that there are also cuts or openings in the esplanade, through which automobiles can pass, at points where there are no intersecting through streets and no turning lanes. The collision in the instant case occurred in the nighttime at one of the latter type openings.

Mrs. Barfield was driving north on Highway 59 in the inside traffic lane, intending to make a U turn through the opening and into the outside lane of southbound traffic. As she started to enter the opening, she stopped her automobile when she saw five or six vehicles approaching in the southbound traffic lanes. The esplanade was not wide enough for her automobile to be stopped in the opening without the front protruding into the inside southbound traffic lane or the rear protruding into the inside northbound traffic lane. When she stopped her car, according to her testimony, "most of it was in the [northbound] lane next to the esplanade." The automobile operated by the defendant Enloe, who was traveling north in the inside lane behind Mrs. Barfield, collided with the stopped car, thereby injuring Mrs. Barfield.

The jury found that Enloe was negligent in operating his automobile at an excessive rate of speed, in failing to keep a proper lookout, and in failing to make a timely application of his brakes, and that each of such negligent acts or omissions was a proximate cause of the collision. The jury refused to find from a preponderance of the evidence that Mrs. Barfield failed to keep a proper lookout to the rear, failed to signal her intention to turn, suddenly stopped her automobile, and was making a U turn "at the time and on the occasion in question." However, the jury found in answer to special issues 12 and 13 that the stopping by Mrs. Barfield of her automobile in the opening in the esplanade was negligence and a proximate cause of the collision. On motion of the plaintiffs, the· trial court disregarded the answers to issues 12 and 13 and rendered judgment for damages as found by the jury.

■ We treat the plaintiffs' motion to disregard the unfavorable jury findings as being based upon the absence of evidence of probative force to support the findings. However, the motion states that this is so when consideration is given to the answers of the jury to other special issues by which it failed or refused to find her negligent in other respects. The court of civil appeals, in overruling defendant's points of error and affirming, seems also to have given some weight to the jury's answers to other special issues. This manner of evaluating "no evidence" points is impermissible. C. & R. Transport, Inc. v. Campbell, Tex. Sup., 406 S.W.2d 191, at 194 (1966). Our problem then is whether, disregarding other jury findings, there is evidence of probative force in the record supporting the jury's answers to issues 12 and 13. The court of civil appeals has held there is no evidence to support either finding. We disagree.

■ The jury's answer to special issue 12 should not have been disregarded if the evidence will support a reasonable conclusion that a person of ordinary prudence, similarly situated, would not have stopped a car in the opening of the esplanade. As bearing on that question, the evidence establishes that Mrs. Barfield had known of the opening in the esplanade ever since the highway was built, had used it before and knew that a car could not be stopped in it without protruding into the inside traffic lane on one side or the other; she knew there were automobiles behind her using the northbound traffic lanes and oncoming automobiles on the other side of the esplanade using the southbound traffic lanes; and she also knew there was a turning lane a block ahead of her where she could stop before turning with safety to herself and to others using the northbound traffic

lanes. Considering these undisputed facts, we are unable and unwilling to hold that there is no evidence to support the jury's finding that a person of ordinary prudence would not have stopped a car in the opening in the esplanade in the nighttime. The jury could have concluded that Mrs. Barfield, as a person of ordinary prudence, should not have stopped her automobile in the opening in the esplanade, but should have gone on one block further and entered the turning lane before stopping for the purpose of turning into the southbound traffic lanes. And if a person of ordinary prudence would not have stopped a car in the opening where Mrs. Barfield stopped, she owed a legal duty not to do so and was negligent when she breached the duty.

 We are equally convinced that the evidence supports the jury's finding that Mrs. Barfield's negligence in stopping her car in the opening was a proximate cause of the collision. In this State, a finding of "proximate cause" cannot be sustained unless there is proof of cause in fact and foreseeability. Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560 (1961); Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352 (1951). The court's charge to the jury in this case defined the term "proximate cause" in customary language; it required a finding of both cause in fact and foreseeability.

That there is evidence supporting the finding of cause in fact is beyond cavil. The jury could find from the evidence, with reason, that the collision would not have occurred if Mrs. Barfield had not stopped her car in the opening with most of it protruding into the traffic lane. Moreover, the jury could find from the evidence, with reason, that a person of ordinary prudence exercising ordinary care should have reasonably anticipated and foreseen that the collision, or a similar one, would occur as a natural and probable consequence of her negligent act. Courts are authorized to set aside jury findings on questions of proximate cause because of the absence of evidence to support them only in exceptional cases. Liberty Film Lines v. Porter, 136 Tex. 49, 146 S.W.2d 982, at 983 (1941). This is not such a case.

The plaintiffs did not, as is authorized by Rule 324, Texas Rules of Civil Procedure, cross-assign as error in the court of civil appeals that the jury's answers to special issues 12 and 13 were against the overwhelming preponderance of the evidence. It follows that the judgments of the court of civil appeals and the trial court must be reversed and, in the absence of any sound reason for remanding for a new trial in the interest of justice under Rule 505, Texas Rules of Procedure, that judgment be here rendered that plaintiffs take nothing.

It is so ordered.