Arthur S. RICHARDSON et ux., Appellants,

v.

Arthur Lee HENDERSON, Appellee.

No. 4671.

Court of Civil Appeals of Texas.

Waco.

Jan. 25, 1968.

Rehearing Denied Feb. 29, 1968.

Berman & Fichtner, Jay S. Fichtner, Dallas, for appellants.

Touchstone, Bernays & Johnston, Porter Johnston, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff from a take-nothing judgment in an automobile collision case.

Plaintiff Richardson sued defendant Henderson for damages resulting from defendant's negligence proximately causing a collision between plaintiff's and defendant's automobile at the corner of Colonial and Forest Streets in Dallas, Texas. Defendant answered by general denial and alleged plaintiff guilty of contributory negligence proximately causing the collision.

Trial was to a jury which, in answer to issues submitted, found:

1), 2) Defendant failed to keep a proper lookout, which was a proximate cause of the occurrence.

3), 4) Defendant failed to make proper application of his brakes, which was a proximate cause of the occurrence.

5), 6), 7) Defendant failed to stop his vehicle before entering the intersection; which was negligence; and a proximate cause of the occurrence.

8), 9), 10) Defendant failed to turn to the right immediately before the collision; which was negligence; and a proximate cause of the occurrence.

11), 12), 13) Defendant failed to yield the right-of-way to plaintiff; which was negligence; and a proximate cause of the occurrence.

14) Plaintiff did not fail to keep a proper lookout. "(In this connection, you are instructed that when a yellow light is illuminated with rapid intermittent flashes, drivers of vehicles may proceed through the intersection or pass such signal only with caution)."

16) Plaintiff did not fail to make proper application of his brakes.

18) Plaintiff entered the intersection at a greater rate of speed than a person of ordinary prudence would have driven under the same or similar circumstances.

19) Such rate of speed was a proximate cause of the occurrence.

20), 21), 22) The damage issues were answered in a total amount of $2300.

The trial court entered judgment on the verdict that plaintiff take nothing.

Plaintiff appeals on 11 points, contending:

1) There was no evidence, or insufficient evidence, to support submission of Issues 18 and 19.

2) There is no evidence, or insufficient evidence, to sustain the answers to Issues 18 and 19; and such answers are against the great weight and preponderance of the evidence.

3) Issues 18 and 19 are "duplicitous and multifarious" of Issues 14 and 15, and the answers to same are in conflict with the answers to Issues 14, 15, 16, 17, 11, 12 and 13.

Plaintiff was traveling on Forest; defendant was traveling on Colonial. There is a signal light at the intersection of Forest and Colonial which gives an intermittent yellow or caution signal to traffic on Forest, and gives an intermittent red or stop signal to traffic on Colonial. The jury found that defendant failed to keep a proper lookout, failed to stop at the red light, failed to yield right-of-way to plaintiff, and that such were negligence and proximate causes of the collision.

The jury further found that plaintiff did not fail to keep a proper lookout; did not fail to make proper application of his brakes; and in Issues 18 and 19 found that he did enter the intersection at a greater rate of speed than a person of ordinary prudence would have done, and that such was a proximate cause of the collision.

Plaintiff's 1st and 2nd contentions assert that Issues 18 and 19 were improperly submitted, and that there is no evidence, or insufficient evidence, to sustain the answers thereto.

Issue 18 found that plaintiff entered the intersection at a greater rate of speed than a person of ordinary prudence would have driven under the same or similar circumstances; and Issue 19 found that such was a proximate cause of the collision.

The accident occurred at an intersection controlled by a flashing yellow light and a flashing red light. It was 6:00 A. M. in the morning and was dark, and plaintiff was approaching the flashing yellow light. Plaintiff did not violate the speed limit. The evidence varies as to plaintiff's speed from 20 to 30 miles per hour. Plaintiff admitted that he did not attempt to slow down until he saw defendant's car; and that he did not reduce speed as he came to the flashing yellow light.

■ We think the trial court properly submitted Issues 18 and 19, and that the evidence is ample to sustain the jury's answers thereto, and that such answers are not against the great weight and preponderance of the evidence.

Plaintiff's 3rd contention is that Issues 18 and 19 are "duplicitous and multifarious" of Issues 14 and 15; and are in conflict with the answers to Issues 11, 12, 13, 14, 15, 16 and 17.

Issues 18 and 19 inquired as to plaintiff's speed. Issues 11, 12 and 13 inquired whether defendant failed to yield the right-of-way, and if such was negligence. Issues 14 and 15 inquired whether plaintiff failed to keep a proper lookout, and the instruction which accompanied such issues was that drivers who approach an intermittent yellow signal may proceed through the intersection only with caution. The jury found plaintiff did not fail to keep a proper lookout. Issues 16 and 17 found that plaintiff did not fail to make proper application of his brakes.

■ Speed, right-of-way, lookout, and application of brakes are all ultimate issues, each inquiring about an independent act of negligence. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, provides:

"To require a judgment entered on a verdict containing conflicting answers to be set aside, the conflict between the answers must be such that one answer would establish a cause of action or defense, while the other would destroy it."

Under the facts of the case at bar, the defense established by the jury's answers to Issues 18 and 19, are not in conflict with, or destroyed by, the jury's answers to Issues 11, 12, 13, 14 and 15.

All of plaintiff's points and contentions are overruled.

Affirmed.