**Virgil OATES, Appellant,**

v.

**Pansy YANCEY et al., Appellees.**

**No. 16910.**

Court of Civil Appeals of Texas.

Fort Worth.

March 22, 1968.

Rehearing Denied April 19, 1968.

W. B. Woodruff, Jr., Decatur; Strasburger, Price, Kelton, Martin & Unis, and Royal H. Brin, Jr., Dallas, for appellant.

Sewell & Forbis, Decatur; Kelsoe & Stone, and Harold B. Stone, Dallas, for appellees.

OPINION

LANGDON, Justice.

This is a suit by two sisters, Pansy Yancey and Mitron Carpenter, joined pro forma by their husbands, for personal injuries and property damage as the result of a collision.

The collision involved the Yancey automobile, being driven by Mrs. Carpenter, and a pickup truck being driven by Virgil Oates. At the time of the collision Mrs. Yancey was seated in the right front seat beside Mrs. Carpenter. The parties will be referred to as in the trial court.

The court found as a matter of law that the plaintiffs were, at the time in question, engaged in a joint venture. The remaining issues were tried to a jury which found both drivers guilty of negligence which was a proximate cause of the collision. The defendant moved for judgment. Plaintiffs moved that the jury findings of negligence and proximate cause on the part of Mrs. Carpenter be disregarded. The court granted this latter motion and rendered judgment for the plaintiffs for damages as found by the jury.

The defendant on appeal contends the trial court erred in disregarding the jury findings and in rendering judgment for the plaintiffs in the face of findings of negligence and proximate cause chargeable to each of the plaintiffs as joint adventurers and in overruling defendant's motion for judgment.

We reverse and render.

Since the points are all closely interrelated, they will be discussed as a single point.

The jury found that the defendant Oates was negligent in his failure to yield the right of way, in failing to keep a proper lookout, and in failing to apply his brakes, and that each of such negligent acts or omissions was a proximate cause of the collision. The jury refused to find from a preponderance of the evidence that the plaintiff, Mrs. Carpenter, failed to keep a proper lookout or that her failure to sound her horn as she approached the intersection or to slow down before entering same was negligence. The jury also found that neither the plaintiff (Mrs. Carpenter) nor the defendant was driving at an excessive rate of speed and that neither was negligent in failing to turn to the right or to the left "on the occasion in question." The jury found in response to Special Issues Nos. 18 and 19, respectively, that Mrs. Carpenter's failure to apply her brakes "on the occasion in question" was negligence and a proximate cause.

The plaintiffs' motion to disregard the jury findings in answer to Special Issues Nos. 18 and 19 was based upon the grounds that there was no evidence of probative force to raise such issues or to support such findings and that the uncontradicted and undisputed evidence establishes that Mrs. Carpenter as a matter of law had the right of way. Further, that the affirmative findings of care on the part of the plaintiff in the particulars above enumerated and the negligence and proximate cause on the part of the defendant negatives the existence of any evidence of probative force to sustain the findings in question.

The order sustaining the plaintiff's motion to disregard the answers of the jury to Special Issues Nos. 18 and 19 contain no reference as to what ground or grounds the court relied upon as a basis for its order.

■ On the matter of right of way the plaintiffs contend that since the Carpenter driven automobile entered the intersection first and was to the right of the pickup that it had the right of way, thus "there was simply no duty upon the Carpenter car to do anything but proceed on through the intersection." This argument is untenable. A driver wtih the right of way is not unqualifiedly relieved from the exercise of such care as a person of ordinary prudence would exercise under the same or similar circumstances. This same standard of conduct applies to a driver who has the right of way at an intersection. Goshorn v. Hattman, 387 S.W.2d 422 (Beaumont Civ. App., 1965, ref., n. r. e.); Skyline Cab Co. v. Bradley, 325 S.W.2d 176 (Houston Civ. App., 1959, ref., n. r. e.); Watts v. Dallas Railway & Terminal Co., 279 S.W.2d 400 (Dallas Civ.App., 1955, ref., n. r. e.); Walsh v. Dallas Railway & Terminal Co.,

140 Tex. 385, 167 S.W.2d 1018 (1943); Joe D. Hughes, Inc. v. Moran, 325 S.W.2d 829 (Fort Worth Civ.App., 1959, ref., n. r. e.); De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95 (1955).

In the latter case the court held that the plaintiff with the right of way on a one-way street still had the duty to exercise ordinary care and could not proceed in disregard of dangers that might reasonably be anticipated. See also Richardson v. Henderson, 424 S.W.2d 510 (Waco Civ.App., 1968).

"We treat the plaintiffs' motion to disregard the unfavorable jury findings as being based upon the absence of evidence of probative force to support the findings. However, the motion states that this is so when consideration is given to the answers of the jury to other special issues by which it failed or refused to find her negligent in other respects. The court of civil appeals, in overruling defendant's points of error and affirming, seems also to have given some weight to the jury's answers to other special issues. This manner of evaluating 'no evidence' points is impermissible. C. & R. Transport, Inc. v. Campbell, Tex.Sup., 406 S.W.2d 191, at 194 (1966). Our problem then is whether, disregarding other jury findings, there is evidence of probative force in the record supporting the jury's answers to issues 12 and 13. The court of civil appeals has held there is no evidence to support either finding. We disagree." Enloe v. Barfield, 422 S.W.2d 905 (Tex.Sup., 1967).

Under the holding in the Enloe case the jury's answer to Special Issue No. 18 "should not have been disregarded if the evidence will support a reasonable conclusion that a person of ordinary prudence similarly situated" would not have failed to apply the brakes of the car she was driving. The following facts testified to in the main by Mrs. Carpenter have a bearing on this question:

The collision occurred at approximately 4:15 P.M. on Thanksgiving, November 25, 1965, at the uncontrolled intersection of Oak and Floyd Streets in Paradise, Wise County, Texas. The streets were approximately equal in width and each was paved to a width of 20 to 24 feet. Oak Street runs east and west and Floyd Street runs north and south. Prior to the collision the pickup truck being driven by the defendant was proceeding north on Floyd Street and the automobile driven by Mrs. Carpenter was proceeding east on Oak Street, each headed for the intersection. The streets were level. It was a dry day. Visibility was good. It was an open intersection in that drivers approaching it commanded a good view of traffic coming into it from other directions and particularly as regards the view of the parties here involved.

There is not a great deal of traffic at the intersection. It is situated in a semi-residential area. The only witnesses to the collision were the parties involved. Mrs. Yancey offered little testimony as she was not looking in the direction of the pickup. There were no stop signs or signals, automatic or otherwise, at any entrance to the intersection. As Mrs. Carpenter drove west on Oak Street she looked down Floyd Street to her left and saw the pickup truck driven by the defendant, "more than one-half a block away." The pickup "was three or four times the distance from the intersection than I—or we were." Mrs. Carpenter was able to see the pickup from the time she passed a church which she estimated was thirty feet from the intersection. There was other testimony that the church was perhaps one hundred or more feet from the intersection which would have enabled her to see the pickup sooner. She estimated the speed of the pickup at about 40 miles per hour which would have placed it at the intersection about the same time as her automobile if each vehicle maintained the same speed. She had estimated her speed at 15 miles per hour. Mrs. Carpenter was aware of the pickup at all times as she approached the intersection. She testified, "and I knew he was there and knew he was coming towards the intersection." And at another point,

"He was going much faster than I was is all I can say." Mrs. Carpenter testified that she did not at any time reduce her speed, speed up, or apply her brakes. (Mrs. Yancey testified to the same effect as to the operation of the automobile.) "I just drove on in the speed that I—that I had." Although from her testimony Mrs. Carpenter saw the pickup and was aware of its approach to the intersection at greater speed than she was traveling she testified, "Well, I just drove on into the intersection because I saw that I had the right of way." The record reflects that the vehicles reached the intersection at approximately the same time with the automobile driven by Mrs. Carpenter slightly in the lead.

Utilizing the language employed by Chief Justice Calvert in Enloe v. Barfield, 422 S.W.2d 905, supra, and substituting the name of Mrs. Carpenter in lieu of Mrs. Barfield and the wording of the issue here involved in lieu of the one in the Enloe case will demonstrate the application of the holding in Enloe to the issues and parties involved in this case, with the substitutions being italicized as follows:

▮▮▮ In considering the undisputed facts in this case, "we are unable and unwilling to hold that there is no evidence to support the jury's finding that a person of ordinary prudence would not have *failed to apply the brakes of her car on the occasion inquired about*. The jury could have concluded that *Mrs. Carpenter,* as a person of ordinary prudence, *should not have failed to apply her brakes*. And if a person of ordinary prudence *would not have failed to apply the brakes of her car as did Mrs. Carpenter* she owed a legal duty *to apply her brakes* and was negligent when she breached the duty.

"We are equally convinced that the evidence supports the jury's finding that *Mrs. Carpenter's* negligence *in failing to apply her brakes 'on the occasion in question,'* was a proximate cause of the collision. In this State, a finding of 'proximate cause' cannot be sustained unless there is proof of cause in fact and foreseeability. Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560 (1961); Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352 (1951). The court's charge to the jury in this case defined the term 'proximate cause' in customary language; it required a finding of both cause in fact and foreseeability.

"That there is evidence supporting the finding of cause in fact is beyond cavil. The jury could find from the evidence, with reason, that the collision would not have occurred if *Mrs. Carpenter had not failed to apply the brakes of the automobile she was driving*. Moreover, the jury could find from the evidence, with reason, that a person of ordinary prudence exercising ordinary care should have reasonably anticipated and foreseen that the collision, or a similar one, would occur as a natural and probable consequence of her negligent act. Courts are authorized to set aside jury findings on questions of proximate cause because of the absence of evidence to support them only in exceptional cases. Liberty Film Lines v. Porter, 136 Tex. 49, 146 S.W.2d 982, at 983 (1941). This is not such a case.

"The plaintiffs did not, as is authorized by Rule 324, Texas Rules of Civil Procedure, cross-assign as error * * * that the jury's answers to special issues *18 and 19* were against the overwhelming preponderance of the evidence." Although a considerable portion of appellees' brief is devoted to argument that there was no joint enterprise between Mrs. Yancey and Mrs. Carpenter there is no cross appeal and no cross assignment of error relating to this matter. No issue as to joint enterprise was submitted nor requested. There was no objection or complaint as to the court's failure to submit such an issue. The judgment of the court containing the recitation of its finding on joint enterprise was not excepted to or complained of in any manner which directed the court's attention to such complaint or the basis thereof. The ap-

pellee is required by Rule 324, T.R.C.P., to carry forward by cross points all such complaints.

 "The trial court, in a case such as we have before us, must be apprised of any complaint or objection the successful party has to the judgment." West Texas Utilities Company v. Irvin, 161 Tex. 5, 336 S.W.2d 609, 610 (1960); First Nat. Bank in Graham v. Corbin, 153 S.W.2d 979 (Fort Worth Civ.App., 1941, ref. w. o. m.); Tarin v. Tarin, 340 S.W.2d 364 (San Antonio Civ.App., 1960, ref. n. r. e.); Poss v. Anderson, 188 S.W.2d 726 (Amarillo Civ. App., 1945, ref. w. m.).

Although the question is not properly before us we are of the opinion that the trial court's finding was correct.

 "A 'joint enterprise,' for the purpose of applying the rule here involved, is defined as such a legal relationship between two or more persons as will impose responsibility on each joint adventurer for the negligent acts of the others, while they are acting in furtherance of their common undertaking. Two elements are necessary to show the existence of a joint enterprise. These elements are (1) proof of a joint interest in the object and purpose of the enterprise, and (2) proof of an equal right on the part of all the parties, either express or implied, to direct and control the conduct of each other in attaining the objectives and purposes of the enterprise. * * *" 7 Tex.Jur.2d 614, § 247. See also Straffus v. Barclay, 214 S.W.2d 826 (Amarillo Civ.App., 1948), affirmed by Supreme Court, 147 Tex. 600, 219 S.W.2d 65 (1949).

The elements necessary to show the existence of a joint enterprise on the part of Mrs. Carpenter and Mrs. Yancey were in our opinion established as a matter of law by their undisputed testimony. The trial court was correct in so holding.

In holding as we do that a driver must exercise ordinary care even in "Paradise"

it necessarily follows that the judgment of the trial court must be reversed and that judgment be and same is here rendered that plaintiffs take nothing.

Reversed and rendered.