**BRANDOM MANUFACTURING CORP.
et al., Appellants,**

v.

**R. E. BASCOM, Appellee.**

No. 4910.

Court of Civil Appeals of Texas,
Waco.

Sept. 24, 1970.

Rehearing Denied Oct. 15, 1970.

W. S. Barron, Jr., Geary, Brice, Barron & Stahl, Dallas, for appellants.

Steed & Cook, Perrytton, Donald R. Buchner, Follett, Gaynor Kendall, Austin, for appellee.

OPINION

WILSON, Justice.

Appellee Bascom sued the Brandom corporation in 1968, seeking recovery of corporate stock which he had delivered to the corporation 12 years before, cancellation of the document under which the stock was delivered, or a declaration that it was impressed with a trust for his benefit. Defendants, among other defenses, pleaded limitation.

The jury found (1) and (2) Bascom delivered and the corporation accepted the stock to allow the corporation to obtain a loan; (3) there was an understanding the stock was to be returned to Bascom either when the loan was repaid, the book value of the stock was restored to its $100 par value, or the corporation was "on its feet financially"; (4) that there was no definite time fixed for return of the stock; (5) that "one or more representatives" of the corporation stated to Bascom in November, 1956 that the corporation needed his stock to borrow money, and that the stock would be returned to him when it was restored to its par value; (6) that these were statements of fact (7) which were false when made; (8) were material to the transaction; (9) made with intention of influencing Bascom to relinquish his stock; (10) which he relied on (11) to his damage; and (12) were wilfully made.

The jury also answered in effect that a defined "fiduciary relationship" existed be-

tween Bascom and the corporation at the time of delivery of the stock; that there *was not an absolute sale*; that Bascom executed the instrument transferring the stock to the corporation in trust for its benefit to enable the corporation to obtain a loan; (19) that Bascom did not have actual notice until 1967 that the corporation was refusing to re-deliver the stock; that (20) he had actual notice on November 21, 1967 that the corporation was denying his ownership of the stock; and (21) on August 31, 1961 Bascom "should have discovered by the exercise of reasonable diligence (defined) that the corporation was denying his ownership". There was an answer that Bascom was not guilty of laches concerning making demand for return of the stock.

Bascom made a "motion for judgment on the verdict", asserting in the motion that the answer to issue 21 should be ignored because there was no evidence to support it. Defendant corporation moved for judgment on the answer to issue 21 and because the undisputed evidence established plaintiff's cause of action was barred by limitation. The court did not rule expressly on the motions, but adjudged title to the stock to be in Bascom. The trial court was necessarily required to disregard the answer to issue 21, for one or more reasons, in order to render judgment for appellee.

In our opinion the other numerous contentions and counter-contentions of the parties are either untenable, unnecessary to decide or immaterial to disposition, and the sole question to be decided is whether plaintiff's cause of action is barred by limitation. We conclude it is so barred, and reverse.

■ Limitation begins to run against a cause of action based on fraud from the time the fraud is discovered or "from the time it might have been discovered by the use of reasonable diligence". White v. Bond (Tex.Sup.1962), 362 S.W.2d 295;

Wise v. Anderson (1962), 163 Tex. 608, 359 S.W.2d 876, 879 and authorities cited.

■ The initial matter to be determined, therefore, is whether the jury finding in answer to issue 21 that plaintiff should have discovered by reasonable diligence eight years before suit that the corporation denied his ownership of the stock has support in the evidence. The evidence sustains the finding, in our opinion.

The stock records of the corporation, after Bascom executed an agreement in November, 1956 that he relinquished the stock "knowingly and of my own accord", continuously showed Bascom's stock had been accepted as treasury stock, and the certificates had been cancelled. In December following, the corporation denied Bascom's demand that he be allowed to vote the stock and permitted him to vote only the stock that was in possession of a bank under pledge as security. He did not afterwards assert any right to vote the stock. Bascom testified that the following year he was discharged as vice-president in charge of sales. In 1957 his claim for back salary and other compensation was denied, and he was told the corporation would "spend every cent we've got before we'll pay you one cent of this." He was then asked to execute the formal assignments on the stock certificates. Bascom testified, "When I discovered that was the attitude, I was completely convinced they were not acting in good faith, and so I refused to assign the stock. I did make a terrible mistake. I should have picked the stock up and put it in my pocket, but I didn't have presence of mind to do that."

Bascom attempted to assign the stock to the Texas Conference of his church in 1961 as a gift on condition that the church Conference "pursue and enforce" his claim to the stock, if necessary. The Conference secretary testified Bascom then told him appellant corporation was denying his ownership of the stock, and a condition of the gift was that the Conference would "carry right on through with it" and

"wouldn't stop", if it was necessary "to go to court to obtain the stock for him". The secretary told Bascom, after the Conference consulted legal counsel, that "Brandom Corporation denied his ownership of the stock and this was the reason in back of why we did not accept it as a gift." Bascom testified he was then "dumbfounded".

During the eleven-year period 1956–1967 appellee made no inquiry as to whether conditions had been reached which he said entitled him to return of the stock, as to the corporation's financial condition, or as to whether the corporation had made or repaid the loan for which he said the stock was needed. He was aware the corporation had experienced extensive growth during these eleven years. The corporation actually prospered after 1960. He received no dividends, although he knew stock and cash dividends were being paid. He testified, "I was biding my time".

Appellee points to testimony and circumstances which would have authorized a different answer to issue 21, but they do not militate against existence of a fact issue which the jury was authorized to resolve; and we must consider only the evidence and inferences which support the verdict.

■ Appellee also urges that the jury did not believe some of the evidence which supports the answer to issue 21 because the jury answered issue 20 that the date on which Bascom had actual notice of the corporation's denial of his title was November, 1967. If it be assumed this answer means plaintiff then "first" had actual notice, then we are to apply the rule that the other jury findings may not be given weight in determining whether the answer under review has support in the evidence. C. & R. Transport, Inc. v. Campbell (Tex.Sup.1966), 406 S.W.2d 191, 195; Enloe v. Barfield (Tex.Sup.1967), 422 S.W.2d 905, 907; Webb v. Whitehurst (Tex.Civ.App.1969, no writ), 447 S.W.2d 712, 713.

Appellee's position is that appellant corporation held the stock as trustee for Bascom, and hence, limitation did not begin to run until facts constituting strong and unequivocal evidence of adverse claim existed. Appellee tells us in oral argument that he is not contending actual, as distinguished from constructive, notice of adverse claim was necessary to start the running of limitation. His argument is that the evidence does not support the finding as to constructive notice, whatever is the legal relationship between the parties, and that consequently the finding as to date of actual notice controls.

Decisions such as Yeaman v. Galveston City Co. (1914), 106 Tex. 389, 167 S.W. 710, 723, which hold that a corporation is trustee for its shareholders, are relied on by appellee. Here, however, the relationship between Bascom and the corporation does not rest on Bascom's status as a shareholder. It rests, according to his pleading and the verdict, on a special contract.

But it is not necessary for us to decide the relationship of the parties resulting from the transaction. Since issue 21 is supported by adequate evidence of probative force as against appellee's attack, limitation began to run at the latest in 1961, and the disregarding of the finding in answer to issue 21 is not authorized.

There are no cross-points. The judgment is reversed, and judgment rendered that plaintiff take nothing.