**William Lloyd WAGGONER, Appellant,**

**v.**

**Harold CLARK et al., Appellees.**

**No. 7953.**

Court of Civil Appeals of Texas.

Amarillo.

Sept. 29, 1969.

Rehearing Denied Nov. 3, 1969.

Crenshaw, Dupree & Milam and Cecil C. Kuhne, Lubbock, for appellant.

Edwards & Brackett and James R. Edwards and Quinn Brackett, Lubbock, for appellees.

JOY, Justice.

Suit for personal injuries from a rear-end auto collision. From judgment for plaintiff, this appeal was taken by the defendant. The parties are referred to herein as they appeared in the trial court.

Plaintiff's automobile was proceeding south on College Street in Lubbock, Texas, in approximately the middle of the 2600 block when a worker either walked or ran out into the street signalling for plaintiff to stop by waving his arms. Plaintiff proceeded to a near normal stop, at least no evidence was presented of a sudden or unusual stop. Defendant's automobile was proceeding in the same direction and traffic lane at approximately the same speed (about 25 m. p. h.) at a distance of about 50 feet "or about four car lengths" behind plaintiff's vehicle. Defendant looked momentarily to the side to determine his location by a house number and when he looked ahead again, he was upon the plaintiff's vehicle and struck the rear-end thereof. The case was submitted to the jury on 17 special issues. By their answers to the issues, the jury found (1) defendant kept an improper lookout, (2) defendant's improper lookout was not a proximate cause, (3) no excessive speed on defendant's part, (4) defendant did not fail to make proper application of his brakes, (5) plaintiff-driver did not stop more suddenly than an ordinary prudent person, (6) the stopping of plaintiff's automobile by the worker was not the sole proximate cause, and, (7) answered a number of damage issues in amounts totalling $2,850.-40. Upon plaintiff's motion to disregard the jury's answer to Special Issue No. 2, the proximate cause issue, the court disregarded the answer and entered judgment for plaintiffs in the total amount of $1,-810.02, after allowing a credit of $1,040.38 that had been previously paid by defendant's insurance carrier.

Appellant's single point of error is directed to the trial court's action in disregarding the proximate cause issue answered favorably to the defendant by the jury. Rule 301, Texas Rules of Civil Procedure provides that the trial court may disregard any special issue or jury finding that has no support in the evidence. Therefore, we must look to the evidence in the light of the elements of proximate cause in order to determine whether or not proximate cause was established as a matter of law as found by the trial court. Proximate cause was defined in the court's charge as follows:

"By the term 'proximate cause' as used in this charge, is meant that cause which, in its natural and continuous sequence, unbroken by any new and independent cause, produced the result complained of, and without which said result would not have occurred, and before an act or omission can be the proximate cause of said result, it ought to have

been foreseen, or reasonably anticipated by a person of ordinary prudence, in the exercise of ordinary care, that the result complained of, or some similar result, would occur naturally and probably in the light of the attending circumstances. There may be more than one proximate cause."

■ Neither plaintiff nor defendant complains of the instruction of the jury on proximate cause. We think the answer of the jury to Special Issue No. 2 has some support in the evidence in the light of the instruction on proximate cause. Proximate cause involves (1) cause in fact—that cause that produces an event and without which the event would not have occurred, and (2) foreseeability. Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560 (1961); Biggers v. Continental Bus System, 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359 (1957); Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352 (1951).

■ There being no question about the cause in fact, we are left with the question of whether or not the event or some similar event was foreseeable. The collision occurred in the middle of a city block where no traffic control devices were located. Plaintiff's automobile was flagged down by a workman who was engaged in some type of work off the street, the exact nature of which is not clear from the record; but presumably, setting or removing some sort of utility pole. There were no warning signs with reference to the work being performed near the street. No work was being performed on the street on which the automobiles were traveling. The traffic was "sparse" or "light", and there were no other automobiles at or near the location of the rear-end collision. We think that under the circumstances herein the question of whether or not the result complained of "ought to have been foreseen, or reasonably anticipated by a person of ordinary prudence, in the exercise of ordinary care" was properly submitted to the jury. We hold that the trial court erred in disregarding the jury's answer thereto.

■ Plaintiffs, by cross-assignments, raise two points of error. By our holding as above the first crosspoint is moot. The second point alleges a conflict in the answers of the jury in the proximate cause issue and No. 10, one of the damage issues. The issue as submitted read in part "What sum of money * * * as a direct and proximate result of the occurrence in question?" This was followed by subparagraph instructions (a) through (e), the first four of which concluded with " * * * as a direct and proximate result of the occurrence in question". Subparagraph (e) instruction ended " * * * directly and proximately caused by the negligence, if any, of the defendant herein." The record does not reflect just why the two different types of instructions were used within the same issue. It is the duty of the trial court to reconcile apparent conflicts in jury findings if it can be reasonably done. Texas & Pacific Ry. Co. v. Snider, 159 Tex. 380, 321 S.W.2d 280; Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558. Where other issues require a finding for the defendant, answers to damage issues become immaterial. Sfair v. Adair, 223 S.W.2d 648 (Tex.Civ.App., ref.); Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334 (1939). In view of the fact that the jury's answers to the damage issues became immaterial by the answers to the other issues, plaintiff's crosspoint is overruled.

Reversed and judgment rendered for defendant.