**Harold CLARK et al., Petitioners,**

v.

**William Loyd WAGGONER, Respondent.**

**No. B–1854.**

Supreme Court of Texas.

March 25, 1970.

Rehearing Denied April 29, 1970.

Quinn Brackett, Lubbock, for petitioners.

Crenshaw, Dupree & Milam, Cecil Kuhn and J. Orville Smith, Lubbock, for respondent.

STEAKLEY, Justice.

The question here is whether the foreseeability element of proximate cause is conclusively shown, as held by the trial court, or not, as held by the Court of Civil Appeals. We hold that it is.

Petitioners, Harold Clark et al., were plaintiffs below. The suit was for personal injuries sustained by them in an automobile collision which occurred in the 2600 block of College Street in Lubbock, Texas. The Clark vehicle and that of William Loyd Waggoner, respondent here and defendant below, were moving in the same direction, the latter "about four car lengths" behind the former in the same traffic lane. The Clark vehicle was stopped by a signal from a workman, apparently because of the maneuvering of a telephone pole over the street ahead, and was struck in the rear by the Waggoner

vehicle. There was nothing otherwise unusual in the traffic conditions or any warning signs that anything out of the ordinary was occurring. It is undisputed that Waggoner had looked away to locate house numbers prior to the collision; he testified that he "felt like" he could have stopped in time had he been watching the Clark vehicle and had seen "any light or any indication it was going to stop."

The jury found that Waggoner failed to keep a proper lookout (Issue No. 1) and this finding is not challenged. However, the jury answered in the negative to the corollary Issue No. 2, which inquired if such failure was a proximate cause of the occurrence in question. The trial court granted the motion of the Clarks to disregard Issue No. 2, and in its judgment "found, as a matter of law, that the negligence of the defendant in failing to keep a proper lookout was a proximate cause of the occurrence in question." Accordingly, the trial court rendered judgment for the Clarks for the sums of their damages as found by the jury, less certain credits. The Court of Civil Appeals was of the view that the foreseeability element of proximate cause was not shown as a matter of law; it reversed the judgment of the trial court and rendered judgment for Respondent. 446 S.W.2d 737.

 In our State the two elements of proximate cause are cause in fact and foreseeability. Enloe v. Barfield, 422 S. W.2d 905 (Tex.Sup.1967); Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560 (Tex.Sup.1961); Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352 (1951). The problem has been narrowed here to the element of foreseeability. Respondent states in a supplemental brief filed after oral arguments were heard by this Court, that he "has never contended, and the Court of Civil Appeals did not hold, that there was any controversy that the negligence found by the jury in Special Issue No. 1 would be a 'cause in fact' of the collision." Respondent does not contend that he could not have avoided the collision had he not looked away, but asserts "that there was a fact issue of proximate cause for the jury because of the 'reasonable foreseeability or anticipation' element of proximate cause, because there is evidence that defendant believed that plaintiff would continue moving forward and did not anticipate or foresee that plaintiff would stop in front of him while he glanced to the left and that in view of all of the facts and circumstances the defendant was not unreasonable in so believing." [1]

 The foreseeability element of proximate cause [2] is established by proof

1. The problem in this posture is stated by Professor Prosser as follows: "Once it is established that the defendant's conduct has in fact been one of the causes of the plaintiff's injury, there remains the question whether the defendant should be legally responsible for what he has caused. Unlike the fact of causation, with which it is often hopelessly confused, this is essentially a problem of law. It is sometimes said to be a question of whether the conduct has been so significant and important a cause that the defendant should be legally responsible. But both significance and importance turn upon conclusions in terms of legal policy, so that this becomes essentially a question of whether the policy of the law will extend the responsibility for the conduct to the consequences which have in fact occurred." Prosser, Law of Torts, 3rd Edition, Chapter 9, § 49, page 282.

2. "Foreseeability does not mean that the precise hazard or the exact consequences which were encountered should have been foreseen. Upon this all are agreed, whether they regard foreseeability as relevant only to the duty issue, or to questions of proximate cause as well. '[W]hen it is found that a man ought to have foreseen in a general way consequences of a certain kind, it will not avail him to say that he could not foresee the precise course or the full extent of the consequences, being of that kind, which in fact happened.'" Harper & James, The Law of Torts, Volume 2, § 20.5(6), page 1147, citing Pollock, Liability for Consequences, 38 L.Q.Rev. 165, 167 (1922).

that the actor as a person of ordinary intelligence and prudence should have anticipated the danger to others created by his negligent act, and the rule does not require that he anticipate just how injuries will grow out of that dangerous situation. Enloe v. Barfield, 422 S.W.2d 905 (Tex.Sup. 1967); Biggers v. Continental Bus System, 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359 (1957); Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352 (1951); Sullivan v. Flores, 134 Tex. 55, 132 S.W.2d 110 (1939). The act of a third person which intervenes and contributes a condition necessary to the injurious effect of the original negligence will not excuse the first wrongdoer if such act ought to have been foreseen. Mexican Nat. R. Co. v. Mussette, 86 Tex. 708, 26 S.W. 1075 (1894); Hoey v. Solt, 236 S.W.2d 244 (Tex.Civ.App.1951, no writ). An act wanting in ordinary care which actively aids in producing an injury as a direct and existing cause need not be the sole cause; but it must be a concurring cause and such as might reasonably have been contemplated as involving the result under the attending circumstances. Gonzales v. City of Galveston, 84 Tex. 3, 19 S.W. 284 (1892); Texas Power & Light Company v. Culwell, 34 S.W.2d 820 (Com. App.1931, opinion approved). The test is not what the wrongdoer believed would occur; it is whether he ought reasonably to have foreseen that the event in question, or some similar event, would occur. And in Biggers v. Continental Bus System, supra, we emphasized the teachings of common experience and practical sense in solving problems of foreseeability in traffic mishaps.

█ Ordinarily, of course, the question of whether an act of negligence was a proximate cause of the consequences presents an issue for determination by the fact finder. Cf. Lovell v. Stanford, 386 S.W.2d 755 (Tex.Sup.1965); but see Texas & N. O. R. Co. v. Burden, 146 Tex. 109, 203 S. W.2d 522 (1947), and Erck v. Zelios, 401 S.W.2d 867 (Tex.Civ.App.1966, no writ), and cases therein cited. Here, however, the narrow question is whether the foreseeability element of proximate cause is conclusively shown in circumstances where the negligent act of a following driver in looking away is a cause in fact of a rear-end collision with a lead vehicle which had been stopped under unexpected circumstances. We hold that it is.

█ In so holding, we sustain the first point of error of Petitioners which, in turn, requires a reversal of the judgment of the Court of Civil Appeals. In their second point of error, Petitioners attack the judgment of the trial court in its allowance of a credit against the damages found by the jury of prior payments to Petitioner, Harold Clark, by Fireman's Fund American Insurance Companies, the insurance carrier of Respondent and not a party to the suit. Petitioner does not support this point by argument or the citation of any authorities; he merely cites Rule 39 of the Texas Rules of Civil Procedure. The problem is not one of the joinder of necessary parties within the purview of the cited rule. The judgment of the trial court does not purport to adjudicate any matters requiring the presence in the proceeding of the named insurance carrier.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Dissenting opinion by WALKER, J., in which GREENHILL, HAMILTON and POPE, JJ., join.

WALKER, Justice (dissenting).

In my opinion it was for the jury to say whether, under all the circumstances, a person of ordinary prudence in respondent's position should have foreseen that a momentary glance to the side would probably result in injuries or damage to himself or others. I would affirm the judgment of the Court of Civil Appeals.

GREENHILL, HAMILTON and POPE, JJ., join in this dissent.