Ora MAHAVIER, Individually and as executrix of the Estate of Milton Mahavier, Appellant,

v.

BEVERLY ENTERPRISES, INC., d/b/a Physician's & Surgeon's General Hospital, Appellee.

No. 1039.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 30, 1976.

Rehearing Denied Sept. 30, 1976.

Paul G. Kratzig, Charlie Porter, Jr., Porter, Taylor, Gonzalez, Thompson & Rogers, Corpus Christi, for appellant.

Jack K. Dahlberg, Jr., Allison & Garcia, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This suit is a cause of action brought by appellant for the pain and suffering of her husband, Milton Mahavier (hereinafter referred to as the deceased) sustained in a fire while he was a patient in the appellee's hospital. From a take nothing judgment of the trial court the appellant has perfected her appeal to this Court.

The deceased was admitted to Physicians & Surgeons Hospital on August 31, 1973 complaining of weakness, nausea, chest congestion and severe back pain. His physicians diagnosed the deceased's ailment as metastic cancer of the lymph nodes, liver, vertebra and ribs. The deceased's condition was felt to be terminal by his physician and he so informed the deceased's wife, the appellant. During the next 10 days the deceased remained in the hospital for testing and general care since he was no longer capable of taking care of himself. There was evidently no attempt made to treat the deceased's illness, but only to keep him as comfortable as possible.

Sometime in the late afternoon or early evening of September 10, 1973, a Mr. Ruben Nunez was placed in the deceased's room to occupy the second bed in the double occupancy room. Around 7:00 A.M. on September 11, 1973, a fire of undetermined origin broke out in the deceased's room. Mr. Nunez summoned the nurses on duty and told them that the room was on fire. Mrs. Erma Calahan, the head nurse, and Mrs. Anna Holybee, one of the duty nurses, rushed to the deceased's room. Nurse Calahan attempted to extricate the deceased from the room but was unsuccessful. Nurse Calahan went to the nearest fire extinguisher, returned to the room and attempted to put out the fire without success. While Nurse Calahan was still attempting to extinguish the fire the fire department arrived and put out the fire. The fire had burned for 6 to 7 minutes before it was detected. The deceased was removed from the room after having sustained second and third degree burns over 20 to 40% of his body.

Dr. Cullin, who was making his rounds at the time of the fire, treated the deceased after he was brought out of the room. Approximately 30 minutes after the fire, the deceased regained consciousness and told Dr. Cullin that he was not in any pain. The deceased visited with his daughter, Mrs. Maxine Moore, and told her that he was not in pain after the fire. At approximately 2:00 P.M. the deceased died. The official death certificate listed the immediate cause of death as Carcinoma, Arteriosclerotic cardiovascular disease and pulmonary emphysema. The death certificate also listed body burns and smoke inhalation as a significant condition contributing to death.

In August of 1974 the appellant brought suit against the Hospital for the alleged wrongful death and damages for pain and suffering of her deceased spouse.

The appellant alleged that the appellee was negligent in allowing Mr. Nunez or others to smoke in the deceased's room and in failing to provide adequate equipment and training to its personnel to fight fires and that this negligence was the cause of the fire which resulted in the deceased's pain and suffering and death. The appellee filed only a general denial.

After a trial before a jury the cause was submitted on 9 special issues. The jury found that the appellee was not negligent in failing to provide the deceased with a safe place to stay nor was the appellee negligent in failing to discover the fire. The jury did find, however, that the appellee failed to provide the hospital personnel responsible for the deceased's care with adequate training and equipment to fight a fire and that their failure was the proximate cause of the deceased's injuries (pain and suffering). The jury also found, however, that the injuries suffered by the deceased in the fire were not a proximate cause of his death. The jury then awarded damages to the appellant in the amount of $10,000 for conscious physical pain and mental anguish suffered by the deceased before his death.

The appellee filed motions for judgment non obstante veredicto and for judgment on the verdict that the appellant take nothing from her cause of action. The trial court granted these motions on the ground among others, that there was no evidence to support the jury's finding that the Hospital's failure to provide the personnel responsible for the care of patients with adequate training and equipment for use in case of fire *was a proximate cause of the injuries of the deceased* (special issue No. six). The trial court then entered a judgment that the appellant take nothing from her cause of action.

The appellant's first four points of error all concern alleged error by the trial court in disregarding the jury's verdict and entering judgment for the appellee. In effect what the trial court has said in its judgment is that there is no evidence to show that the lack of adequate training and equipment was the proximate cause of the deceased's injuries.

The appellant's evidence concerning inadequate training and equipment is extensive. The testimony of the appellant's witness indicates that there were four fire extinguishers on the first wing of the hospital where the deceased was located. Three of these contained water for fighting wood, paper, etc. type fires. The fourth, located at the nurses' station and the one used by Nurse Calahan, was a carbon dioxide extinguisher designed primarily for putting out electrical fires. Neither of the two nurses present at the fire was sure what type of extinguishers were present on the first wing nor for what specific type of fires the various extinguishers were to be used. Nurse Holybee could not remember ever having had a fire drill nor could she remember when she last operated an extinguisher. Nurse Calahan remembered having a fire drill and operating an extinguisher at some time prior to the fire. Mr. Charles Fox, the maintenance supervisor for the hospital, stated that fire drills were occasionally conducted and that a seminar on fire fighting had been conducted in 1972 but he could not remember which personnel had participated in this training. He further testified that a "fire plan" had been prepared by the hospital administration and was posted at each nurses' station, but that he had no knowledge as to whether or not the plan was disseminated to the personnel. Nurse Calahan testified that the fire plan was posted at the nurse station but she did not know if it had been read by any employees. Nurse Holybee testified she had never read the fire plan.

As a general rule, in ordinary personal injury cases, four elements must be plead and proved to entitle a plaintiff to recovery. These elements are: (1) an act or omission by the defendant; (2) that said act or omission was negligent; (3) that said act or omission was the proximate cause of the plaintiff's damage, and (4) that the plaintiff was damaged. *Westinghouse Electric Corp. v. Pierce*, 153 Tex. 527, 271 S.W.2d 422 (1954); *Wichita Falls & Oklahoma Ry. Co. v. Pepper*, 134 Tex. 360, 135 S.W.2d 79 (1940). From the evidence presented at the trial, it is clear that the appellee committed an act or omission and that such act or omission was negligent.

The determinative question for this Court's consideration is whether or not there is any evidence to support the jury's answer to Special Issue No. 6 concerning

proximate cause. Proximate cause includes two essential elements: foreseeability and cause in fact. *Baumler v. Hazelwood*, 162 Tex. 361, 347 S.W.2d 560 (1961); *Bodine v. Welder's Equipment Company*, 520 S.W.2d 407 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.). The foreseeability element is established by proof that the actor as a person of ordinary intelligence and care should have anticipated the danger created by his negligent act. *Clark v. Waggoner*, 452 S.W.2d 437 (Tex.Sup.1970); *Bell v. Campbell*, 434 S.W.2d 117 (Tex.Sup.1968).

■ There was evidence to establish the foreseeability finding by the jury. Mr. Fox, Nurse Holybee and Nurse Calahan all testified that the hospital did permit its patients to smoke under certain conditions and did allow them to possess smoking materials in their rooms. The two nurses also testified that the doors to the patients' rooms were allowed to remain closed during certain periods. It is, therefore, entirely foreseeable that a smoking patient would start a fire in a closed room which would not be detectable by the on-duty personnel for several minutes. Such a danger should have been anticipated by the appellee Hospital.

■ The second element of proximate cause is cause in fact. It is established by proof of a cause which produces an event and without which the event would not have happened. *Baumler v. Hazelwood*, supra; *Farley v. M M Cattle Company*, 529 S.W.2d 751 (Tex.Sup.1975); *Clark v. Waggoner*, 452 S.W.2d 437 (Tex.Sup.1970); *Bodine v. Welder's Equipment Company*, supra; *Thompson v. Gray*, 219 S.W.2d 831 (Tex.Civ.App.—Galveston 1949, writ ref'd n. r. e.). The proof that must be made to establish causal relation is often difficult to determine. Since liability cannot be made to turn upon speculation or conjecture, it is essential that the evidence show at least a reasonable probability that the appellee's alleged negligent acts were singularly or collectively, a proximate cause of the deceased's injuries. *Farley v. M M Cattle Company*, supra; *Leatherwood Drilling Company v. TXL Oil Corporation*, 379

S.W.2d 693 (Tex.Civ.App.—Dallas 1964, writ ref'd n. r. e.); *Lenger v. Physician's General Hospital, Inc.*, 455 S.W.2d 703 (Tex. Sup.1970); *Parker v. Employers Mutual Liability Insurance Company of Wisconsin*, 440 S.W.2d 43 (Tex.Sup.1969); *Insurance Company of North America v. Myers*, 411 S.W.2d 710 (Tex.Sup.1966); *Garcia v. Clifford Jackson Funeral Homes*, 526 S.W.2d 750 (Tex.Civ.App.—Corpus Christi 1975, no writ).

■ As we have already held, there was evidence to establish the foreseeability finding by the jury. The problem in the instant case is whether there is any direct evidence or any circumstantial evidence from which reasonable minds could draw an *inference* that the failure of the Hospital in providing the personnel, responsible for the deceased's care, with adequate training and equipment to fight fires, was the cause in fact of the deceased's injuries.

At the time of the fire, two nurses responded, they left the nurses' station and went immediately into the deceased's room. Neither nurse took a fire extinguisher with her. Nurse Calahan attempted to remove the deceased from the room but was unable to get to him due to the intensity of the fire. Nurse Calahan testified that she saw the wastebasket and divider curtain on fire at the bottom and blazing. The curtain was blazing up far enough that she was unable to draw it back so as to get to the deceased. Nurse Calahan then left the room, went to the nurses' station and picked up the carbon dioxide fire extinguisher (the wrong type). She then took it back into the deceased's room and attempted to extinguish the fire without success. Later, the fire department arrived and extinguished the blaze.

It is clear to us that the hospital personnel lacked adequate training and lacked proper equipment for use in case of fire. Having been alerted to the fire, each of the nurses should have picked up a correct fire extinguisher to help extinguish the fire. But at this point the evidence stops. From all of the evidence, the jury could properly have *inferred* that had the nurses been ade-

quately trained and properly equipped in fire fighting procedures, they could have been able to have extinguished the fire sooner than it was. However, in order to bridge the causal connection between the negligent acts of the Hospital personnel over to the deceased's injuries, the jury would also have had to supply one additional inference, and that is, that, had the nurses been able to put out the fire sooner, the deceased would not have sustained the injuries of conscious pain and mental anguish. Was the lack of training and equipment *a proximate* cause of deceased's injuries? Without the two inferences, we must say no.

It is well settled law that a vital fact may not be established by piling one inference upon another inference. This is what we would be required to do in order to sustain a judgment in favor of the plaintiffs. *East Texas Theatres, Inc. v. Rutledge,* 453 S.W.2d 466 (Tex.Sup.1970); *Schlumberger Well Surveying Corporation v. Nortex Oil And Gas Corporation,* 435 S.W.2d 854 (Tex.Sup.1968); *Rounsaville v. Bullard,* 154 Tex. 260, 276 S.W.2d 791 (1955); *Ruiz v. Flexonics,* 517 S.W.2d 853 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.). A presumption of fact cannot rest upon a fact presumed. The jury's finding of the causal connection could only be based on speculation in this case. The proof must establish a causal connection beyond the point of conjuncture; such proof must show more than a possibility. *Garcia v. Clifford Jackson Funeral Homes,* supra. This did not happen.

We hold that the trial court was correct in disregarding the jury's answer to Special Issue No. 6. The appellant's points of error 1–4 are overruled. The other points need not be considered.

The judgment of the trial court is AFFIRMED.