Gilbert JOHNSON, d/b/a Johnson's Fleet Service, Appellant,

v.

Roy ACORD, Jr., Individually and as Next Friend of Aaron Acord, a Minor, Appellee.

No. 16543.

Court of Civil Appeals of Texas, San Antonio.

Oct. 8, 1980.

Joe Meador, H. David Peeples, San Antonio, for appellant.

Steve McManus, Kilgore, Cole, McManus & Velasquez, Victoria, for appellee.

## OPINION

KLINGEMAN, Justice.

This is a venue case involving subdivision 4 of Article 1995 of Texas Annotated Civil Statutes. Roy Acord, Jr., individually and as next friend of Aaron Acord, a minor (Acord), brought this suit in Bexar County, Texas, against General Motors Corporation, Gilbert Johnson, d/b/a Johnson's Fleet Service (Johnson), and American Tire and Mileage Specialists (American Tire),[1] seeking damages for injuries allegedly sustained in an automobile–truck collision in Victoria County, Texas. Johnson, the only defendant involved in this appeal, filed a plea of privilege to be sued in Travis County, Texas, the county of his residence. Acord timely filed his controverting plea, asserting that venue is proper in Bexar County, Texas. The trial was to the court without a jury who overruled Johnson's plea of privilege.

Findings of fact[2] and conclusions of law were filed by the trial court. The trial court concluded that (a) American Tire is a resident of Bexar County, Texas; (b) Acord proved a bona fide cause of action against American Tire; (c) Johnson is a proper party to Acord's suit against American Tire; and (d) venue is proper against Johnson under Article 1995, subdivision 4.

Acord's wife, Karen Acord, the mother of Aaron Acord, was killed in a collision which occurred in Victoria County, Texas, in March 1978, between a truck owned and operated by James Townsley and a car driven by Karen Acord. Townsley purchased four new tires for his truck from American Tire in November, 1977, and American Tire mounted such tires on his truck at the time of purchase. In December of 1977, while Townsley was driving his truck, the lug bolts on the left rear wheel came off causing the left rear wheels to run off the truck. Townsley called American Tire who sent an employee to the scene. American Tire could not repair the damages and the truck was sent to Johnson for repairs. Apparently, the only work done by Johnson was the repair and replacement of wheel studs and nuts. American Tire paid for the repairs. There was evidence at the trial that the wheels ran off the truck due to

---

1. General Motors and American Tire are not parties to this appeal.

2. The trial court's findings of fact may be summarized as follows:

 1. American Tire is a resident of Bexar County.
 2. American Tire was negligent in mounting the tires on Townsley's truck on Nov. 29, 1977.
 3. Such negligence proximately caused the left rear wheels to come off Dec. 19, 1977.
 4. As a result of the wheels coming off, the truck was taken to Johnson who remounted the wheels.
 5. Johnson negligently failed to discover brake damage.
 6. Such negligence was a proximate cause of the Mar. 2, 1978, collision involving Plaintiff's car and Townsley's truck.
 7. American Tire's negligence was a proximate cause of the Mar. 2, 1978, accident.

improper tightening of the lug bolts on the wheel. The accident in which Karen Acord was killed occurred in March of 1978 when Townsley attempted to stop at a red light but was unable to do so due to brake failure on his truck, resulting in the truck colliding with the automobile being driven by Karen Acord. There was evidence at the trial that the brake failure was caused by brake fluid loss which resulted from damage to the brake system caused by the wheel coming off the truck in December.

By two points of error, Johnson asserts that the trial court erred in overruling his plea of privilege because (1) there is no evidence that American Tire's failure to mount Townsley's new tires properly on November 29, 1977, was the proximate cause of the March, 1978, collision; and (2) there is no evidence that the March 2, 1978, brake failure and accident, or similar accident, was a foreseeable consequence of American Tire's negligence in the mounting of Townsley's tires on November 29, 1977.

To maintain venue in Bexar County under subdivision 4, Acord had to prove (1) that American Tire is a Bexar County resident; (2) that he has a cause of action against American Tire; and (3) that Johnson is a proper party to this suit. *Frost v. Molina*, 595 S.W.2d 184, 187 (Tex.Civ.App.– Corpus Christi 1980, writ dism'd); 1 R. Mc-Donald, Texas Civil Practice in District and County Courts 434 § 4.10.2 (1965). Johnson does not challenge the court's findings as to elements (1) and (3), but does challenge the court's findings that American Tire's negligence in mounting the tires on November 29, 1977, was a proximate cause of the brake failure that caused the accident of March 2, 1978, and that plaintiff proved a cause of action against American Tire.

We have heretofore set forth the trial court's findings of fact. The record contains testimony that when the wheel came off the truck the left rear wheel assembly made contact with the pavement causing damage to the braking system. There is also evidence that American Tire had not properly tightened the lug bolts on November 29, 1977, which caused the wheels to come off. The police officer who investigated the accident testified that he inspected the truck the day after the accident and that there was brake fluid leaking from the left rear wheel; that the push rod was bent and the brakes did not work; that he had later inspected the parts taken off Townsley's truck at which time he found the backing plate was warped causing the push rod to fail; that the only thing that could cause the wheels to fall off was improperly bolted lug bolts. Such officer, who also had experience as a brake mechanic, testified that a reasonably prudent mechanic would inspect the backing plate and brakes on a vehicle whose studs on the wheel had been broken. Townsley, the truck driver, testified that he had driven his truck about 250 miles after Johnson had repaired it before the collision occurred and that immediately following the collision there was a puddle of brake fluid under the truck and that the fluid was coming from inside the left rear wheel.[3]

 The controlling issue here involved is whether the negligence of American Tire in tightening the lug bolts on Townsley's truck wheels was a proximate cause of the damages sustained by plaintiff in the accident in March. Johnson argues that there is no evidence of proximate cause. We disagree. The finding of proximate cause must be based upon findings of cause in fact and foreseeability. *Missouri Pacific Railroad Co. v. American Statesman*, 552

---

**3.** A chronological summary of the material facts here involved is as follows:

 1. American Tire negligently mounts wheels on Townsley's truck (11/29/77).

 2. As a result of such mounting, the left wheels come off in December (12/19/77).

 3. The December accident causes a dent in the backing plate, which is not detected by Townsley, American Tire, or Johnson.

 4. A short time thereafter, the dented backing plate causes the push rod and piston to push off center, eventually causing loss of brake fluid.

 5. Brake fluid leaks out, causing March accident (3/2/78).

**260**

S.W.2d 99, 103 (Tex.1977); *Clark v. Waggoner*, 452 S.W.2d 437, 439 (Tex.1970); *Baumler v. Hazelwood*, 162 Tex. 361, 347 S.W.2d 560, 564 (1961). Johnson acknowledges that there is proof of cause in fact, but urges that the foreseeability element of proximate cause is not present in this case; that it is not realistic to say that a reasonably prudent person mounting tires in November should have foreseen brake failure and the March accident or any similar accident. Again, we disagree. The foreseeability element of proximate cause is established by proof that the actor as a person of ordinary intelligence and prudence should have anticipated the danger to others created by his negligent act, and the rule does not require that he anticipate just how injuries will grow out of that dangerous situation. *Clark v. Waggoner, supra*, at 439–440; *Biggers v. Continental Bus System*, 157 Tex. 351, 303 S.W.2d 359, 365 (1957). The act of a third person which intervenes and contributes a condition necessary to the injurious effect of the original negligence will not excuse the first wrongdoer if such act ought to have been foreseen. *Clark v. Waggoner, supra*, at 440; *Mexican National Railway Co. v. Mussette*, 86 Tex. 708, 719, 26 S.W. 1075, 1080 (1894). Ordinarily, the question of whether an act of negligence was a proximate cause of the consequence presents an issue of determination by the fact finder. *Clark v. Waggoner, supra* at 440. Proximate cause, like any other element or fact, may be established by circumstantial evidence. *Farley v. M. M. Cattle Co.*, 529 S.W.2d 751, 755 (Tex.1978).

■ Five witnesses testified. While some of the evidence is conflicting, there is ample evidence to support the trial court's findings of fact hereinbefore set forth. The trial court's finding and holding on proximate cause is sufficiently supported by the evidence.

Plaintiff clearly met his burden of establishing that venue is proper in Bexar County, Texas, under subdivision 4 of Article 1995.

The judgment of the trial court is affirmed.