**Elberto J. FUENTES, Appellant,**

v.

**William H. GENTRY, Appellee.**

**No. 9278.**

Court of Appeals of Texas, Amarillo.

Oct. 30, 1981.

*Cashway Building Materials, Inc.*, 584 S.W.2d 950 (Tex.Civ.App.—El Paso 1979, no writ).

Whittenburg, Whittenburg & Schachter, Cary Schachter, Amarillo, for appellant.

Witherspoon, Aikin & Langley, Earnest Langley, Hereford, for appellee.

Before REYNOLDS, C. J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

This personal injury case requires us to determine whether there is sufficient evidentiary support for the jury's answers to certain special issues supporting a take-nothing judgment against the plaintiff, appellant Elberto J. Fuentes (hereafter "Fuentes"). We conclude there is not and reverse and remand.

Fuentes was a laborer on a farm leased and operated by appellee Will Howard Gentry (hereafter "Gentry"). On the morning of September 13, 1976, Fuentes was assigned the task of pulling down the borders of, and closing, the irrigation ditches on the farm. This task was to be performed by Fuentes with a tractor equipped with a large blade. The irrigation ditches, used to transport water to, or collect run-off water from, various portions of the farm, are dug below ground level and edged with dirt borders above ground level. Using the tractor blade, Fuentes' job was to put the dirt comprising the borders into the irrigation ditch and level the area where the ditch was dug. Adjacent to, parallel with, and approximately 25 feet away from one of the irrigation ditches was a waterway used to carry excess water away from the

farm. The waterway was dry on the day in question. Gentry testified that the waterway was a permanent installation and was not to be filled in and closed or have dirt placed in it. A natural gas pipeline installed and used by Gentry crossed the waterway. When the pipeline was originally installed, it had been buried approximately 30 inches below the surface of the ground. However, erosion had removed the covering soil and the gas line was at ground level but invisible because of a covering mat of bermuda grass.

Fuentes closed several of the irrigation ditches as instructed. He then drove the tractor into the waterway and was attempting to fill it with dirt when he hit the gas line with the tractor. The gas line was ruptured and the escaping gas caused an explosion and fire, burning Fuentes. This suit was subsequently filed.

In response to special issues, the jury found Gentry's failure to keep the gas line buried was negligence proximately causing the occurrence in question. It also found that Fuentes departed from his assigned duties in driving the tractor into the waterway and in trying to fill in the drainage ditch contrary to instructions. It found each of those acts to be negligence proximately causing the occurrence in question. In the comparative negligence issue, it assessed Gentry 30% and Fuentes 70% of the negligence.

Fuentes advances twelve points of error in this court. The points, with one exception, are concerned with the legal and factual sufficiency of the evidence to support certain jury findings adverse to Fuentes. When considering legal and factual sufficiency points, this court is guided by well settled rules of appellate review. A "no evidence" point presents a question of law that requires the appellate court to consider only the evidence and inferences tending to support the finding under attack and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). An "insufficiency" point, on the other hand, invokes a broader standard which requires this court to consider all of the evidence in order to determine whether the evidence supporting the finding is so weak, or the evidence to the contrary so overwhelming, that the finding should be set aside and a new trial ordered. *Id.*

We will first consider points four and five, which question the sufficiency of the evidence to support the jury findings that the acts of negligence committed by Fuentes proximately caused the occurrence in question. Under Texas law proximate cause consists of two elements: (1) cause in fact and (2) foreseeability. *Missouri Pac. R. Co. v. American Statesman*, 552 S.W.2d 99, 103 (Tex.1977). Both elements must be established by direct or circumstantial evidence of probative force.[1] *McClure v. Allied Stores of Texas, Inc.*, 608 S.W.2d 901, 903 (Tex.1980). Cause in fact, which is not in issue here, is established by evidence that the negligent act or omission was a substantial factor in bringing about the injury. *Farley v. M M Cattle Company*, 529 S.W.2d 751, 755 (Tex.1975). Foreseeability is established by evidence that a person of ordinary intelligence and prudence should have anticipated the danger to himself or others created by his negligent act. The rule does not require that the actor anticipate exactly how the injuries will grow out of the dangerous situation and the test is not what the actor believed would occur; it is whether the actor should reasonably have foreseen that the event in question or some similar event would occur.[2] *Clark v. Waggoner*, 452 S.W.2d 437, 440 (Tex.1970).

The key inquiry in determining foreseeability is whether a person of ordinary

1. In *Clark v. Waggoner*, 452 S.W.2d 437 (Tex. 1970), the Supreme Court quoted, but did not expressly adopt, Prosser's view that, cause in fact having been established, foreseeability is " 'essentially a question of whether the policy of the law will extend the responsibility for the conduct to the consequences which have in fact occurred.' " 452 S.W.2d at 439, n. 1. As a practical matter, whether expressly adopted as a test or not, that is the question if foreseeability is the issue.

2. The rules are the same, whether it is the defendant's negligence or the plaintiff's contributory negligence that is being tested. *Mis-*

intelligence and prudence should have perceived the possibility of danger in the situation he entered or created. It is this perception of danger that is important. Thus, should Fuentes, a person of ordinary intelligence and prudence in the eyes of the law, have anticipated that he was creating or entering into a situation that could be dangerous to himself? Specifically, should Fuentes have foreseen danger to himself when he departed from his assigned duties, drove the tractor into the waterway and attempted to fill in the waterway contrary to instructions?

■ After reviewing the record in accordance with the proper standard, we are satisfied the evidence is insufficient to support the foreseeability element of proximate cause. In fact, there is no evidence that the specific danger was foreseeable. For example, it is undisputed that Fuentes had no actual knowledge of the presence of the gas line. Indeed, there is no evidence that he knew there were any underground gas lines anywhere on the farm. It is also undisputed that the gas line was covered with grass and could not be seen. Further, there is no evidence that would lead to the conclusion that an ordinarily intelligent and prudent person in Fuentes' situation would anticipate an uncovered but hidden gas line.

The foregoing observations do not complete the review because the law does not require that the negligent actor anticipate "just how the injuries will grow out of the particular dangerous situation. *Missouri Pac. R. Co. v. American Statesman*, 552 S.W.2d at 103 (Tex.1977). Implicit in the rule, however, is the requirement that there be facts that would cause the reasonably prudent and intelligent actor to perceive danger of a general nature growing out of the situation. In that regard, we find some evidence that the size and depth of the waterway may have posed a potential danger for a person driving a tractor into it. That evidence is so weak and ambiguous, however, that it will not support the foreseeability element. Thus, the finding of proximate cause must be set aside.

*souri Pac. R. Co. v. American Statesman*, 552

■ Gentry's argument to the contrary stresses the fact that Fuentes would not have been injured if he had not disobeyed instructions and gone where he was not supposed to go. That argument has no relevance to a foreseeability problem. It is the reasonable perception of danger, not the disobeying of instructions, that is important. Points of error four and five are sustained.

Because we have found some evidence, albeit insufficient, to support the issues in question, it follows that points of error one and two, under which Fuentes argues the legal insufficiency of the evidence to support the issues in question, must be overruled. We have also reviewed the evidence pertinent to Fuentes' negligence in accordance with the proper standard and find some evidence of negligence. Therefore, points of error three, six, seven, eight and nine, under which Fuentes argues the legal insufficiency of the evidence to establish negligence, are overruled. Because of our sustaining of points four and five, we do not address points ten, eleven and twelve, which would not change the result.

The judgment of the trial court is reversed and the case is remanded for new trial.