



## MEMORANDUM OPINION

No. 04-10-00235-CV

Sergio **MALDONADO**,
Appellant

v.

**SOUTHWESTERN MOTOR TRANSPORT, INC.**,
Appellee

From the 293rd Judicial District Court, Maverick County, Texas
Trial Court No. 08-02-23244-MCV
Honorable Cynthia L. Muniz, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:       Rebecca Simmons, Justice
               Steven C. Hilbig, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  February 23, 2011

AFFIRMED

This appeal arises from the grant of a no-evidence summary judgment against Appellant Sergio Maldonado regarding his claims against Appellee Southwestern Motor Transport, Inc. Maldonado argues that the trial court erred because his summary judgment evidence raised a genuine issue of material fact. We affirm the trial court's judgment.

## BACKGROUND

Southwestern owns a storage building out of which it leases space to other companies to store and ship items. Fujikama Automotive America, a company that ships goods to Mexico, rented space in Southwestern's building. Fujikama hired Maldonado to monitor its shipments' compliance with U.S. customs regulations. As part of its lease with Fujikama, Southwestern was responsible for loading and unloading Fujikama's shipments and transporting them to Mexico.

On February 8, 2007, Maldonado was inspecting Fujikama's boxes before they were loaded onto Southwestern's trailers. Maldonado instructed Nelson Aguilar, a Southwestern employee, to not load a particular box because it did not comply with regulations. Despite this instruction, the box was loaded onto the trailer. Maldonado asked Aguilar to retrieve the box, but Aguilar responded that he could not remove the box unless he received approval from his manager, Joseph Martinez, who was not in the office. Despite Southwestern's policy of not allowing customers' employees onto their trailers, Aguilar informed Maldonado that Maldonado would either have to wait for Martinez to return or retrieve the box himself.

Maldonado entered the back of the trailer where several pallets of boxes had been loaded and stacked on each other. Walking atop the boxes, Maldonado retrieved the noncompliant box and walked toward the back exit of the trailer. While attempting to exit the trailer, a box on which Maldonado was standing collapsed. He fell to the floor of the trailer and was injured.

Maldonado sued Southwestern for negligence, claiming that Southwestern owed him a duty both as a premises owner and in its activities in loading the trailer. After a period of discovery, Southwestern filed both traditional and no-evidence motions for summary judgment. The trial court initially granted both motions but later vacated its grant of the traditional summary judgment motion. Maldonado appeals the trial court's judgment.

**NO-EVIDENCE SUMMARY JUDGMENT**

**A. Standard of Review**

We review a trial court's summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156–57 (Tex. 2004). To prevail on a no-evidence summary judgment motion, a movant must show that there is no evidence of an essential element of the adverse party's cause of action. TEX. R. CIV. P. 166a(i); *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004). We review the grant of a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *King Ranch v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003).

Although the non-moving party is not required to marshal its proof, it must present evidence that raises a genuine issue of material fact on each of the challenged elements. TEX. R. CIV. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). A no-evidence summary judgment motion may not be properly granted if the non-movant brings forth more than a scintilla of evidence to raise a genuine issue of material fact on the challenged elements. *Ridgway*, 135 S.W.3d at 600. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). We view the record in the light most favorable to the nonmovant and disregard all contrary evidence and inferences. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

## B. Premises Liability[1]

Maldonado pled that Southwestern failed to warn him of the unsafe condition created by the boxes on the trailers, and Southwestern moved for a no-evidence summary judgment because Maldonado presented "no evidence of actual or constructive knowledge." To overcome a no-evidence summary judgment on a premises liability claim, a plaintiff must present legally sufficient evidence that "the premises owner had actual or constructive knowledge of a dangerous condition on the premises." *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 813 (Tex. 2002); *King Ranch*, 118 S.W.3d at 750–51. A premises owner has constructive knowledge of a dangerous condition on the premises "if the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 103 (Tex. 2000).

Maldonado argues that his deposition and the deposition of Joseph Martinez raised a fact issue with regard to Southwestern's actual or constructive knowledge of a dangerous condition by showing that: (1) a Southwestern employee had loaded the box that collapsed; and (2) a Southwestern customer's employee should not be allowed onto Southwestern's trailers because of the safety hazard posed in doing so.

Maldonado points to no evidence in the record that Southwestern had actual knowledge that the particular box that collapsed was susceptible to collapsing. Viewing the record in a light most favorable to Maldonado, his evidence that a Southwestern employee loaded the box onto the trailer does not raise a fact issue as to whether the employee knew the box was unsafe.

---

[1] Though we recognize that a plaintiff may allege only a cause of action for premises liability or general negligence, *see Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992), the trial court's judgment did not state whether Maldonado alleged a premises liability or general negligence claim and, instead, granted Southwestern's no-evidence motion, which challenged all of the elements of Maldonado's premises liability and general negligence causes of action. We therefore assume that the trial court made sufficient conclusions of law to support its judgment. *See Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989).

Moreover, the evidence that Southwestern prohibits its customer's employees from going inside of its trailers establishes, at most, that Southwestern knew of the potential for dangerous conditions to exist inside their trailers. None of the evidence presented raised a genuine issue of material fact regarding whether Southwestern had actual or constructive knowledge that the box in question was susceptible to collapsing. *See Reece*, 81 S.W.3d at 813; *CMH Homes, Inc.*, 15 S.W.3d at 103. Accordingly, the trial court properly granted the no-evidence summary judgment as to Maldonado's premises liability claim.

## C. General Negligence

Maldonado also pled that Southwestern: (1) negligently failed to follow his instructions to not place the noncompliant box on the trailer and to retrieve the box from the trailer; and (2) negligently failed "to establish clear and concise procedures and rules regarding safe loading and unloading of [its] trailers." To survive a motion for summary judgment, Maldonado's summary judgment evidence would have needed to establish that either of Southwestern's alleged breaches proximately caused his injury. *See D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). Showing proximate cause requires proof that the plaintiff's injury was a reasonably foreseeable consequence of the alleged breach. *See Clark v. Waggoner*, 452 S.W.2d 437, 439–40 (Tex. 1970).

As evidence of this element, Maldonado points to depositions that stated that Southwestern had an obligation to load and unload the trailer and a policy of not permitting non-employees on the trailers because of potential safety hazards. Viewed in a light most favorable to Maldonado, these depositions—especially in the absence of evidence that Southwestern had actual or constructive knowledge of the frailty of the box on which Maldonado fell—are not legally sufficient evidence that Maldonado's fall from a collapsing box inside Southwestern's

trailer was a reasonably foreseeable consequence of Aguilar's failure to follow Maldonado's instructions. *See King Ranch*, 118 S.W.3d at 750–51; *KPMG Peat Marwick*, 988 S.W.2d at 748; *Clark*, 452 S.W.2d at 439–40.

Considering Maldonado's allegation that Southwestern was negligent in failing "to establish clear and concise procedures and rules regarding safe loading and unloading of [its] trailers," Maldonado needed to present legally sufficient evidence that but for Southwestern's failure to establish such clear and concise procedures, Maldonado would have not been injured. *See Clark*, 452 S.W.2d at 439 (recognizing that proximate cause requires showing a cause in fact). The evidence, however, established that such procedures did exist. Maldonado presented evidence that Aguilar had violated Southwestern's safety policies for loading and unloading the trailers by permitting Maldonado to retrieve the noncompliant box. Thus, viewing the record in a light most favorable to Maldonado, he presented no legally sufficient evidence that Southwestern's alleged failure to establish clear and concise procedures and rules caused him to be injured. *See id.*

## CONCLUSION

Because Maldonado presented no evidence raising a genuine issue of material fact regarding his claims against Southwestern, the judgment of the trial court is affirmed.

Rebecca Simmons, Justice